ABNER M. HARPER, Inc., v. CITY OF NEWBURGH.

(Supreme Court, Special Term, Orange County.    February 15, 1913.)

MUNICIPAL CORPORATIONS (§ 354*)—PUBLIC WORK — BIDS — MISTAKE — RELIEF.

Plaintiff, intending to bid 90 cents per lineal foot for bluestone curbing and 65 cents for concrete curbing, put in a bid to defendant city in which the prices were transposed by mistake, and the city, without fraud, bad faith, or mutual mistake, accepted its bid for the stone curbing at 65 cents per lineal foot. *Held*, that plaintiff, under such circumstances and after the acceptance of its bid, was not entitled to a decree permitting it to rescind for mistake and recover its deposit.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 886, 887; Dec. Dig. § 354.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Abner M. Harper, Incorporated, against the City of Newburgh, for rescission of a bid for municipal work, and to recover $500 deposited with the bid to secure compliance therewith. Complaint dismissed.

Hirschberg & Hirschberg, of Newburgh, for plaintiff.
Graham Witschief, of Newburgh, for defendant.

TOMPKINS, J. The plaintiff made a mistake in certain figures contained in a bid which it submitted to the defendant for street improvement work in the city of Newburgh, and now seeks to rescind its bid and recover the sum of $500 deposited with said bid with the city clerk.

The bid consisted of several items, and plaintiff's claim is that there was an unintentional transposition of figures as to two items as follows: The plaintiff had intended to charge 90 cents per lineal foot for bluestone curbing, and 65 cents per lineal foot for concrete curbing; whereas, in the bid as submitted, those figures were inadvertently transposed, so that the plaintiff offered to do the bluestone curbing at 65 cents per lineal foot, instead of 90 cents, and the city council, receiving the bid in that form, acted upon and accepted it, in the absence of any representative of the plaintiff. The next morning, after the plaintiff's bid had been accepted and the contract awarded, the mistake was discovered by plaintiff's officers, who promptly gave notice to the defendant of the mistake, and asked leave to withdraw said bid and for a return of the said deposit of $500. Correspondence and negotiations followed, culminating in the awarding of a contract for the said street improvement to another concern, and action of the city council intended to operate as a forfeiture of the plaintiff's deposit.

The mistake in plaintiff's bid is admitted. At least there is no claim that the figure given for bluestone curbing was intended to be given, and the plaintiff's claim that it was a mistake, and that the work could not have been profitably done for that price, is not disputed. Under the circumstances, it would seem that justice and equity required a return to the plaintiff of its deposit, and that was my impression at the trial; but it seems that the law is the other way, and that the plaintiff cannot recover its deposit after the defendant has acted upon the bid and awarded the contract, unless there was a mutual mistake, or a mistake on one side and fraud or bad faith on the other. There is no claim that there was a mutual mistake, nor does the plaintiff contend for any fraud, deceit, or bad faith on defendant's part. The mistake or error in the bid was not apparent on its face, nor was the defendant's attention called to it until after it had been accepted and the contract awarded.

Under these circumstances, it seems that the awarding of the work to the plaintiff made a complete contract, which is binding upon both parties, and from which neither may escape, except upon proof of fraud or bad faith or mutual mistake. City of New York v. Seely-Taylor Co., 149 App. Div. 98, 133 N. Y. Supp. 808. In this recent decision the bid was more than $100,000 less than the next lowest bidder,

while the lowest bid on readvertisement was $124,000 higher than the one in suit, which was $10,000, when it was. intended to be $103,000.

In the case of City of New York v. Dowd, 140 App. Div. 359, 125 N. Y. Supp. 394, cited by plaintiff's counsel, the error appeared on the face of the bid, it being the extension of multiplications, the items of which appeared on the bid, and the city's engineer at once noticed the mistakes in the extensions, before the bid was acted upon. In Moffett, Hodgkins & Clark Co. v. City of Rochester, 178 U. S. 373, 20 Sup. Ct. 957, 44 L. Ed. 1108, the bid, as to one item at least, was read before any other bid as to that same item was read, and immediately on hearing the bid as to that item read the company's representative announced that the bid was erroneous and explained the error. The chief error was in one item, which read $1.50 per cubic yard for rock tunneling, while all the other bids submitted varied from $12 to $15 per yard. The company's representative at once claimed that the person who filled out the formal bid had been instructed in writing to enter a bid of $15 as to that item, instead of $1.50. The figures had been copied from a memorandum by a bookkeeper who was very shortsighted. The error as to the first item was in inserting the bid for another item. These errors were observed and called to the attention of the city authorities before the bid was formally acted upon. These facts distinguish this case from the one at bar.

The defendant is entitled to judgment dismissing the complaint, with costs.