RAYMOND C. MERCHANT, Respondent, v. PATRICK LANE, Appellant.— Appeal from a judgment and order of the Rensselaer County Court in an automobile negligence action, in favor of the plaintiff. Judgment and order affirmed, with costs and disbursements. Hill, P. J., Heffernan, Foster, Russell and Deyo, JJ., concur.

WALTER S. MALLEY, Respondent, v. CITY OF RENSSELAER, Appellant, et al., Defendants.— Appeal by the defendant City of Rensselaer from a judgment in favor of the plaintiff, in the sum of $88,648.33, entered in the office of the Clerk of the County of Rensselaer, on the 16th day of September, 1947, and from an order denying the motion of the defendant City of Rensselaer to set aside the verdict. Judgment reversed, on the law and facts, without costs, unless the plaintiff stipulates to reduce the damages in the verdict to $65,000, within ten days after the service of the order to be entered herein, with notice of entry; in which event the judgment and order are affirmed, with costs. Hill, P. J., Heffernan and Deyo, JJ., concur; Foster, J., dissents and votes to reverse and for a new trial on the ground the verdict is not supported by credible evidence; Russell, J., taking no part.

MILDRED PARKER, Respondent, v. JAMES Y. PARKER, Appellant. MILDRED PARKER, Respondent, v. JAMES Y. PARKER, Appellant.— Appeal withdrawn on stipulation of the attorneys for the respective parties. Hill, P. J., Heffernan, Foster, Russell and Deyo, JJ., concur.

JOSEPH BRENDESE, Appellant, v. CITY OF SCHENECTADY et al., Respondents.— Appeal from a judgment of the Schenectady Special Term which dismissed plaintiff's complaint in an action to recover the amount of a deposit made in connection with a bid to perform public work in that city. Judgment affirmed, without costs. Hill, P. J., Foster and Deyo, JJ., concur; Russell, J., dissents, in the following memorandum in which Heffernan, J., concurs: The repeated extensions of time granted to the contractor by the respondents for the purpose of securing a performance bond were a waiver of the laches, and therefore the respondents could not recover liquidated damages. The respondents having failed to allege material damages caused by delay, they are barred from the recovery of same. (*Marcus* v. *Village of Mamaroneck*, 283 N. Y. 325, 332.) The minds of the parties never met upon a contract price based upon the real and intended bids submitted on the projects. In rescission no contract remains, and there was "in the eye of the law no meeting of minds at all. Hence the court may rescind the apparent contract for the mistake of one party only * * *." (*Harper, Inc.*, v. *City of Newburgh*, 159 App. Div. 695, 696–697.)