FRANK W. O'CONNELL, INC., Plaintiff, *v.* COUNTY OF BROOME, Defendant.

Supreme Court, Adjourned Special Term, Broome County, July 21, 1950.

*Robert E. Fischer* for plaintiff.

*Charles P. O'Brien* and *Justin C. Flannigan* for defendant.

ZELLER, J. On May 1, 1950, following public advertising for bids for construction of a garage and field office various bids were submitted to the county. Plaintiff's bid was $116,952.35; the next lowest was $145,550. Accompanying plaintiff's bid was a check for $5,900 representing 5% of the amount of his bid in accordance with the "Notice to Bidders" which required a 5% deposit "as a guarantee that bidder will enter into the contract if awarded same".

On May 2, 1950, the Board of Supervisors by resolution awarded the contract to plaintiff on the bid sum of $116,592.35. Later the same day plaintiff discovered that one of its office employees had failed to insert a figure of $38,062.50 when compiling the bid and consequently the submitted bid was that amount less than it intended. On May 3, 1950, plaintiff orally notified two members of the Board of Supervisors of the error. On May 4, 1950, plaintiff orally notified the superintendent of highways of the error. On May 10, 1950, plaintiff by letter of its attorneys addressed to the Board of Supervisors attempted to withdraw its bid in accordance with its previous oral notification and requested the return of its guarantee of $5,900.

At a special session of the Board of Supervisors on May 16, 1950, plaintiff having failed to execute the contract, the resolution of May 2, 1950, awarding the contract to it was rescinded and the contract was awarded to the next lowest bid in the amount of $145,550. The deposit of $5,900 was not returned.

Plaintiff now seeks the equitable relief of rescission and the return of the deposit less $60 expenses allegedly incurred by the

county by reason of the special session of the Board of Supervisors.

Each party moves for judgment on the pleadings. The **facts** are not in dispute.

Plaintiff's explanation of its error is credible. The omission was made without any intent to defraud or overreach the county. By reason of this mistake on the part of plaintiff no actual bid remained " for there was in the eye of the law no meeting of the minds at all." (*Harper, Inc.* v. *City of Newburgh,* 159 App. Div. 695, 696–697; *Martens & Co.* v. *City of Syracuse,* 183 App. Div. 622.) The court may rescind the apparent bid for the mistake of one party only, without finding fraud or inequitable conduct in the other party. (*Moffett, Hodgkins & Clarke Co.* v. *Rochester,* 178 U. S. 373; *City of New York* v. *Dowd Lumber Co.,* 140 App. Div. 358.)

*Brendese* v. *City of Schenectady* (194 Misc. 150, affd. 273 App. Div. 831, affd. 297 N. Y. 965) is distinguishable. The contractor, Brendese, submitted his bids on October 2, 1946, and discovered errors therein to his detriment the same day. He was awarded the contract on October 21, 1946, but never executed it. He did not advise the defendant city that he made a mistake in his bids until February 3, 1947, when he commenced an action to rescind the bids. Because of his laches, he was denied relief and he forfeited his $5,000 deposit.

In this case plaintiff promptly notified the county of the mistake. Without the necessity of readvertising the county was able to award the contract to another bidder. The *status quo* was maintained.

The facts require the interposition of equity in granting plaintiff the relief requested. The bid submitted by it should be declared null and void because of mistake and plaintiff should have judgment against the county for $5,840.