■ PAUL F. EBERSOL et al., Respondents-Appellants, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 41845.) — Judgment unanimously reversed on the law and facts and a new trial granted, without costs of these appeals to any party. Memorandum: The Court of Claims having properly found that claimants still have suitable albeit circuitous access to the new highway, erred in allowing damages based upon relocation of the highway (*Northern Lights Shopping Center* v. *State of New York*, 20 A D 2d 415, affd. 15 N Y 2d 688). The allowance of $3,490 for damage to building lots is based upon unsatisfactory evidence (*Anania* v. *State of New York*, 17 A D 2d 904) because there is no clear foundation or factual support for the opinion valuation (*Katz* v. *State of New York*, 10 A D 2d 164, 166). (Appeal and cross appeal from judgment of Court of Claims for claimants on a claim for permanent appropriation of realty.)  Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.

■ MARIE BENZ, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 40996.) — Judgment unanimously affirmed, without costs of this appeal to either party. Memorandum: We recognize that a contract may be rescinded for a unilateral mistake (37 N. Y. Jur., Mistake, Accident, or Surprise, § 7; *Rosenblum* v. *Manufacturers Trust Co.*, 270 N. Y. 79; *Moses* v. *Carver*, 254 App. Div. 402). The trial court concluded " that there was no mistake sufficient for a rescission of the Agreement." If this was intended to be a conclusion that the factual issue as to mistake was not established by a preponderance of the evidence (cf. 37 N. Y. Jur., Mistake, Accident, or Surprise, § 22) we agree therewith. The contention of claimant and her witnesses that the representative of the State promised that claimant subsequently would be paid 90% of the value of the claimed landlocked acreage in the rear and in addition the State would obtain a right of way to those lands is unrealistic and unbelievable. Such twofold relief in substance would have given claimant double compensation. (Appeal from judgment of Court of Claims dismissing the claim.)  Present — Williams, P. J., Bastow, Henry, Del Vecchio and Marsh, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DANIEL MUSIALOWSKI, Appellant.— Determination of this appeal withheld and case remitted to Erie County Court for a hearing and determination of the voluntariness of the defendant's confession in accordance with the procedures outlined in *People* v. *Huntley* (15 N Y 2d 72). (Appeal from Judgment of Erie County Court convicting defendant of manslaughter second degree.)  Present — Williams, P. J., Bastow, Henry, Del Vecchio and Marsh, JJ.