Thomas A. Duffy, J.
Motion for reargument is granted and upon such reargument the order dated October 6, 1970, denying summary judgment in favor of defendant Kay-Lincoln Mercury of Astoria, Inc. dismissing the complaint, is recalled and the motion for summary judgment is now granted and the plaintiff’s complaint as against the defendant Kay-Lincoln Mercury of Astoria Inc., is dismissed.
It appears that the plaintiff herein, on the assumption that it insured one Maria Stokos under an automobile liability and collision policy, requested the defendant Kay-Lincoln Mercury of Astoria, Inc. to make certain repairs to a motor vehicle owned by Maria Stokos, as a result of an accident. The defendant Kay-Lincoln Mercury of Astoria, Inc. made such repairs and received from plaintiff the sum of $963.98 as payment for such repairs. Plaintiff now brings this action to recover from defendant Kay-Lincoln Mercury of Astoria, Inc. the said sum of $963.98, alleging that after making payment to defendant Kay it ascertained that, at the time of the damage to the automobile of Maria Stokos, there was no policy in effect insuring Maria Stokos for her loss and that it was not obligated to pay for such loss and that the payment to defendant Kay-Lincoln Mercury of Astoria, Inc. for repairing the automobile of Maria Stokos was made under the erroneous and mistaken belief that it was responsible to pay for the repair of the automobile owned by Maria Stokos.
The plaintiff does not claim or allege that defendant Kay-Lincoln Mercury of Astoria, Inc. was aware at the time it undertook to make the repairs to the Stokos automobile, at the request *317 of plaintiff, that there was no policy of insurance issued by plaintiff insuring Maria Stokos. This defendant was under no duty to inquire from plaintiff whether there was a policy of insurance covering the Stokos automobile.
Where loss or prejudice must be borne by one of two innocent parties, such loss must be borne by the party whose conduct brought about the prejudicial situation (National City Bank v. Waggoner, 243 App. Div. 305, affd. 270 N. Y. 592). In the case at bar the payment by the plaintiff to the moving defendant resulted in the moving defendant releasing the repaired vehicle and thus releasing its lien for repairs on such automobile.
No recovery of money paid by mistake can be had from a third person who, as a result of a mistake by one or both of the original parties to a transaction, received a payment by one of them in good faith in the ordinary course of business and for a valuable consideration (Ball v. Shepard, 202 N. Y. 247; Matter of Welton, 141 Misc. 674). In the case at bar, the mistake was between the plaintiff and the party whose automobile was damaged, and the moving defendant received payment from the plaintiff in the ordinary course of business and for a valuable consideration.