James H. Boomer, J.
Plaintiff, a construction contractor, brings this action to rescind a bid submitted by it to the defendant sewer district, and for the return of its bid bond, because of an alleged mistake in the bid. The action was tried before me without a jury and this is my decision under CPLR 4213.
The facts proven are as follows:
The sewer district advertised for bids for the construction of improvements to two existing sewage treatment plants in the district. The construction work for each plant was divided into four separate sections: general construction, plumbing and equipment, electrical, and heating. Bidders were invited to sub *77 mit bids on any one or more of these sections and on any combinations of sections for either or both plants and the sewer district reserved the right to award contracts based upon the lowest responsible bid for each section or combination of sections.
The plaintiff submitted several bids, one for the general construction for both plants; one for the plumbing and equipment for both plants; one for the electrical work for both plants; and other bids for the work at both plants based upon an award of various combinations of general construction, plumbing and equipment, and electrical work. When the bids were opened on October 19,1967, it appeared that the plaintiff was the lowest bidder for the general construction contract for both plants, but was not the lowest bidder for the plumbing and equipment contract. Its bid of $2,249,700 for the general construction work for both plants was $330,300 lower than the next highest bidder, while its bid on the plumbing and equipment work was $376,230 higher than the only other bidder for that work.
The day after the bids were opened, the plaintiff sent a telegram to the engineer for the sewer district stating that, in computing its bid for the general construction contract, it erroneously omitted certain items of equipment and included these items in computing its bid for the plumbing and equipment contract ; that it wished to withdraw its bids; and that it was prepared to meet with the engineer at once with its bid worksheets to substantiate this mistake.
Three days later, on October 23, 1967, representatives of the plaintiff met with representatives of the .sewer district and its engineer and, with their worksheets, plaintiff’s representatives explained their mistake. At that time, plaintiff’s representatives stated that, since their combined bid for the general construction and plumbing contract was lower than any other combination of bids submitted by others for the work, they were willing to accept an award to them based upon their bid on the general construction work and plumbing and equipment work combined. The sewer district refused to permit the plaintiff to withdraw its bid and awarded to it the general construction contract only, for both plants.
Plaintiff’s worksheets demonstrate that the plaintiff listed items of mechanical equipment of a toal cost of $230,054 in its calculations for the plumbing bid and omitted these items in its calculations for the general construction bid. The engineer for the .sewer district interpreted the specifications as requiring these items to be furnished under the general construction, con *78 tract. The court agrees that this is the proper interpretation. Plaintiff, therefore, was mistaken in omitting these items from its calculations for general construction bid. If it had correctly included these items in its general construction bid calculations, and added 22% for profit and overhead (as it did on the other items), its bid for the general construction contract would have been $305,065 higher than the figure it submitted.
Plaintiff claims it was misled by certain ambiguous phraseology in the specifications, which states: “ Treatment Plant — Plumbing and Equipment: Shall cover all equipment, piping and appurtenances within the blower, prechlorination, postchlorination, utility and generator buildings and the efficient water ¡systems valve unit at Allens Creek Plant; and the control and service buildings at Rich’s Dug-way Plant; except only such work as is specifically covered by items 31AH, 31RH, 41AAE and 41RE. These items include all equipment, piping and appurtenances, within these structures specified under sections 28, 32, 36, 65, 66, 67, 70, 77 and 79 of the specifications.” Plaintiff interpreted this paragraph to mean that all items of equipment in the enumerated sections (28, 32, etc.) were to be included under the plumbing and equipment contract. The engineer for the sewer district, on the other hand, meant this paragraph to mean that the items of equipment to be included in the plumbing and equipment contract were only those items in the enumerated sections which were to be located in the buildings referred to in the first sentence. In other words, the plaintiff assumed that the word “ these structures ” referred to the structures specified under the enumerated sections and the engineer intended the words, “ these structures ” to refer to the buildings described in the first sentence of the paragraph.
Nevertheless, a reading of the specifications in their entirety leads to the conclusion that the items in question were intended to be furnished under the general construction contract and not under the plumbing and equipment contract. On page 100 PI-IX of the specifications it is stated that the general contract shall include 1 ‘ furnishing and installing all equipment, piping and appurtenances * * * within ‘1 certain specified structures. The equipment in question, as shown by the plans, is located in the structures specified on page 100 PI-IX and consequently was to be furnished under the general construction contract.
Plaintiff, therefore, made a mistake. And due to this mistake it failed to include in its bid calculations for the general construction contract items of equipment it valued at approximately $350,000. The defendant sewer district contends that the plain *79 tiff should not be relieved from its bid, for the mistake was due to the negligence of the plaintiff. It also contends that this was not such a mistake for which a court of equity will grant relief to a contractor who has submitted a bid on a public contract.
Section 105 of the General Municipal Law provides that bids made to political subdivisions, such as the defendant, shall be accompanied by a bid bond and the bid bond may be withdrawn “ if no award of the contract be made within 45 days after receipt thereof.” This section has the effect of making a bid upon a public contract irrevocable for a period of 45 days. Nevertheless, the fact that a bid is irrevocable and may not be withdrawn, does not prevent a court from granting equitable relief rescinding the bid upon the ground of mistake. ‘ ‘ Prohibitions of and restrictions upon withdrawal of bids for public contracts, whether evidenced by rules of law or provisions created by parties, have been uniformly construed as inapplicable to prevent, when the need arises, equitable relief from the consequences of a submission of a bid based upon a mistake which is remediable in equity.” (Ann. 52 ALR 2d 792, 806.)
‘ ‘ The courts of this State have long recognized that one who makes a bid based on an honest and unintentional mistake can in the interest of equity be relieved from his contractual obligations [citing cases].” (People v. Rouse Constr. Corp., 26 A D 2d 405, 407). “ The court may rescind the apparent bid for the mistake of one party only, without finding fraud or inequitable conduct in the other party [citing cases].” (Frank, W. O’Connell, Inc. v. County of Broome, 198 Misc. 402, 404).
The fact that the mistake may have been due to the fault or negligence of the contractor does not bar relief, for ‘ ‘ a mistake in and of itself indicates some degree of lack of care or negligence ” (McGough Co. v. Jane Lamb Mem. Hosp., 302 F. Supp. 482, 486). Only such carelessness or lack of good faith amounting to gross or willful negligence will furnish cause for holding a mistake of the offending bidder to be one not remedial in equity (State Bd. of Control v. Clutter Constr. Corp., 139 So. 2d 153, 156 [Fla.]).
Professor Corbin indicates that negligence of the mistaken party is not a criterion for denying relief where the other party has not materially changed his position and can be restored to the status quo (3 Corbin, Contracts, § 606, pp. 649-650; § 609, pp. 683-684).
I find here that the mistake of the plaintiff was made in good faith and was not due to gross negligence. Nor was the defendant sewer district damaged by the mistake. There was no oppor *80 trinity-for it to suffer a change in position in reliance on plaintiff’s bid, for the plaintiff gave notice of it the day after the bids were opened. Had the sewer district permitted plaintiff’s bid to be withdrawn at that time, the sewer district would have been restored to the status quo. “ In every case, it should be strictly understood that the status quo that is to be restored is the party’s former position, not the one that the bargain caused him to anticipate. He must be saved from loss, but not be given his expected profit. ” (3 Corbin, Contracts, § 606, p. 655). The court should not refuse to grant rescission ‘1 because it was prejudicial to the defendant in that it could not have the benefit of the mistake.” (Abner M. Harper, Inc. v. City of Newburgh, 159 App. Div. 695, 699, affd. 222 N. Y. 670.) Under these circumstances, the sewer district cannot retain the advantage of plaintiff’s honest mistake; fair dealing requires that plaintiff be relieved of its bid (Martens & Co. v. City of Syracuse, 183 App. Div. 622, 627).
The defendant further argues that the mistake claimed by plaintiff is not the type for which a court will rescind the bid. Defendant states: “There have been numerous cases in New York and other jurisdictions which have permitted rescission of a bid based upon a clerical error * * * the thrust of these cases is that equity will permit rescission of a bid where the bid does not reflect the contractor’s intention because of a mathematical, clerical or other inadvertent error. * # * The crucial distinction in this case is that the bid did reflect the contractor’s intent.” In support of this argument, defendant cites Kemper Constr. Co. v. City of Los Angeles (37 Cal. 2d 696, 703) where the court stated. ‘ ‘ There is a difference between mere mechanical or clerical errors made in tabulating or transcribing figures and errors of judgment, as, for example, underestimating the cost of labor or materials. * * * Generally relief is refused for error in judgment and allowed only for clerical or mathematical mistakes. * * * Where a person is denied relief because of error in judgment, the agreement which is enforced is the one he intended to make, whereas if he is denied relief from a clerical error, he is forced to perform an agreement he had no intention of making.”
While it may here be said that the plaintiff made an error in judgment by misinterpreting the specifications, it cannot be said that the agreement to be consummated by the acceptance of its bid was one it intended to make. By its bid it did not intend to enter into a contract for the general construction work which would include the items of equipment it omitted from its com *81 putations. Where items of substantial value are omitted from a bidder’s calculations through inadvertence or oversight, the court will excuse the mistake and permit withdrawal of the bid (Levine v. Parsons, 258 App. Div. 1003; Frank W. O’Connell, Inc. v. County of Broome, 198 Misc. 402, supra). Is the mistake any less excusable where the items are omitted through misinterpretation of the specifications?
There is a difference between faulty judgment, such as underestimating the cost of labor and materials, and a mistake in the interpretation of the contract resulting in the omission of substantial items from the bid calculations. The first is a mistake in the estimate of value. “ Practically never is this such a mistake as will justify rescission. The parties are conscious of the uncertainty of value. Value is one of the principal subjects of the agreement. Each party is consciously assuming the risk of error of judgment.” (3 Corbin, Contracts, § 605, pp. 638-639.) The second is not a mistake as to value, but as to a material factor affecting value and for such a mistake relief will be given in a proper case (3 Corbin, Contracts, § 605, pp. 641-644).
Courts in some States have refused to permit a contractor to withdraw his bid under a plea of mistake. They reason that to do so ‘1 would seriously undermine and make the requirement or system of sealed bids a mockery.” (Colella v. Allegheny County, 391 Pa. 103, 107). If the rule denying relief for the mistake of one party not induced by the other ‘1 is not applied to bidding contracts, there is nothing left of the .supposedly binding bid and forfeiture provision, for the bidder may always avoid it by claiming mistake. The proof whether or not he made such a mistake is so completely within his control and power that the public body is helpless to refute it.” (Dissenting opn. in Kemper Constr. Co. v. City of Los Angeles, supra, pp. 706-707). The fear expressed by these courts is justified where the request for relief is based upon faulty judgment in estimating costs or upon other errors which can be substantiated only by inquiry into the state of the bidder’s mind. But those fears are unfounded where the error is obvious and can be clearly and convincingly demonstrated by objective proof. “ Courts refusing to decree rescission for unilateral mistake often say that to do otherwise would tend greatly to destroy stability and certainty in the making of contracts. In some degree that may be true * * * a sufficient degree of stability and certainty will be maintained if the court carefully weighs the combination of factors in each ease, is convinced that the .substantial mistake was in fact made, and gives due weight to material changes in position. Proof of the *82 mistake should be required to be strong and convincing; but in many of the cases it is evident that such proof existed.” (3 Corbin, Contracts, § 609, pp. 688-689).
Here the proof is strong and convincing. Four days after the bid opening, plaintiff made its. bid worksheets available to representatives of the sewer district. These worksheets clearly show that the plaintiff omitted items of equipment of substantial value from the computations it made in preparing its bid for the general construction contract and mistakenly included these items in its computations made in preparing its bid for the plumbing contract. There is no claim that these worksheets were fabricated and the court is convinced that they were not.
Most court decisions granting such relief deal with clerical errors, for they are most common. But courts have not limited relief to mistakes involving such errors. Withdrawal of bids has been permitted and bid bonds canceled for mistakes analogous to that made by plaintiff. In People v. Rouse Constr. Corp. (26 A D 2d 405, supra) rescission was ordered where the contractor based its bids upon computations made under the mistaken assumption that lock gates could be assembled on the site, whereas the specifications called for them to be prefabricated and shipped ,to the site in one piece. In Brook-Lea Country Club v. Hanover Ins. Co. (61 Misc 2d 896) the court excused the error of the contractor who mistakenly assumed that his subcontractor’s bid covered all of the wiring called for in the specifications.
The plaintiff has clearly and convincingly proven a material and excusable mistake in his bid and the defendant has not been prejudiced thereby.
I conclude, therefore, that the plaintiff is entitled to judgment rescinding its bid and canceling the bid bond, without costs.