Israel Rubin, J.
This action has been submitted for decision upon an agreed statement of facts pursuant to CPLR 3222, the plaintiff seeking specific performance.
At a public auction conducted on March 25, 1975, the defendant offered for sale, at a minimum or upset price of $1,450, a parcel of real property situated on the south side of East 220th Street, 197 feet east of Bronxwood Avenue, Bronx, New York. This particular parcel was identified as Parcel No. 212 on page 73 of a brochure published by the Department of Real Estate of the City of New York, setting forth certain surplus city-owned real estate being offered for sale at auction. Any improved property was indicated as such by an asterisk in front of the Parcel number. An asterisk did not appear in front of Parcel No. 212, thus indicating that the parcel was unimproved.
*380 Plaintiff was the successful bidder at the auction, having bid the sum of $6,500 for the purchase of said parcel.
Plaintiff’s bid was accepted, the sum of $1,300 was paid to the defendant on account of the purchase price and a memorandum of sale and receipt for payment of deposit issued to the plaintiff.
The memorandum of sale provided that the balance of the purchase price was to be paid on or before May 27, 1975.
Some time prior to the date set for closing, the city discovered that an error had been made in that the property was actually "improved,” containing thereon a two-family house. On April 29, 1975, the defendant advised the plaintiff, in writing, that it was canceling the sale of the property pursuant to paragraph 23 of the terms and conditions of sale which are a part of the brochure of sale and which is set forth as follows: "The City, at its option, may cancel the sale at any time before the actual delivery of the deed. In such event * * * the City’s sole liability * * * shall be limited to the return to the successful bidder of all payments made to the City on account of the purchase * * * and that thereupon the parties shall be mutually released from all obligations as a result of such purchase.”
A formal resolution was prepared by the Department of Real Estate for the Board of Estimate which was adopted on July 17, 1975, canceling the sale of the property.
The brochure in addition to containing the "Standard Terms and Conditions of Sale”, sets forth a copy of a letter addressed to the "Purchasing Public” which urges prospective purchasers to carefully examine the terms and conditions of sale contained therein and, in addition, in order to minimize confusion and possible mistake, states that purchasers should also investigate properties they are interested in prior to the date of sale as to exact location, improvements, physical condition, legal use, assessed valuations and annual real estate taxes.
Plaintiff states that he was and is ready, willing and able to fulfill the agreement of sale and pay the balance due on the purchase price. He contends that a binding contract is in effect and that the city cannot rescind this contract due to its negligence in placing the property for sale.
The city contends that the listing was a mistake and, in any *381 event, paragraph 23 as set forth in the brochure, gives the municipality the right to cancel the sale.
What is presented to this court, therefore, is the question of whether a mistake on the part of the defendant, under the facts contained herein, is sufficient cause for a cancellation of the sale.
A contract may be rescinded for a unilateral mistake without a finding of fraud or inequitable conduct by the other party (37 NY Jur, Mistake, Accident, or Surprise, § 7; Benz v State of New York, 25 AD2d 482; Moses v Carver, 254 App Div 402; Batto v Westmoreland Realty Co., 231 App Div 103; Abner M. Harper, Inc. v City of Newburgh, 159 App Div 695, revg 79 Misc 299). This is particularly so when the mistake is one which is known or ought to have been known to the other party (Assurance Co. of Amer. v Pulin, 142 NYS2d 809). The plaintiff had a right to examine the property and was, in fact, urged to do so by the brochure. It is inconceivable that the plaintiff would bid on a parcel of real estate without first viewing the parcel. A viewing of the property would indicate that the property was improved and not unimproved as listed for sale. The agreed statement of facts sets forth no proof to indicate fraud, inequitable conduct or bad faith on the part of the city. By reason of the mistake on the defendant’s part, no actual sale took place for there was in the eye of the law no meeting of the minds at all (Abner M. Harper, Inc. v City of Newburgh, supra; Martens & Co. v City of Syracuse, 183 App Div 622; Frank W. O’Connell, Inc. v County of Broome, 198 Misc 402).
The fact that the mistake may have been due to the negligence of the city does not give the plaintiff the right to specific performance for "a mistake in and of itself indicates some degree of lack of care or negligence.” (McGough Co. v Jane Lamb Mem. Hosp., 302 F Supp 482, 486.) Moreover, negligence is not a criteria for denying relief where the other party has not materially changed his position (3 Corbin, Contracts, § 606, pp 649-650, 683-684; Balaban-Gordon Co. v Brighton Sewer Dist. No. 2, 67 Misc 2d 76, affd 41 AD2d 246).
In addition to rescinding on the basis of unilateral mistake, paragraph 23 of the terms and conditions of sale clearly gives the city the option of canceling the sale prior to the delivery of the deed.
The plaintiff having purchased the parcel pursuant to the offering in the brochure is bound by the terms and conditions *382 contained therein. The language used is "clear and unambiguous.”
A municipality has the right to cancel a sale where no unfair advantage or bad faith is involved where there is a reservation as contained in paragraph 23 (Orelli v Ambro, 51 AD2d 85; Min-Lee Assoc. v City of New York, 28 AD2d 553, affd 27 NY2d 790). As aforesaid, the agreed statement of facts sets forth no showing of unfair advantage or bad faith. Since these important elements have not been shown, the plaintiff has not sustained his burden to invalidate the reservation contained in the brochure. Rather all that has been indicated is a mistake on the part of the city as to a parcel of property which is "improved” property and not "unimproved” as sold to the plaintiff. Under these circumstances, the reservation of the city is valid and will be sustained.
Accordingly, judgment is awarded to the defendant.