OPINION OF THE COURT
Joseph J. Traficanti, J.
In this case there was a mistake of fact made by the seller, the plaintiff herein, in misquoting a price for goods. In relying on the misquoted price, which was less than it should have been, the buyer, defendant herein, materially changed his position by constructing a deck before the mistake was noticed by either party.
Defendant relies on the case of Abner M. Harper, Inc. v City of Newburgh (159 App Div 695, 697), which holds that recission involves inquiring into whether parties can be put back in status quo; if this cannot be done, then the court only affords such relief when the clearest and strongest equity imperatively demands it. Obviously the parties cannot be put back in status quo since defendant has built a deck with the purchased goods. The damage to plaintiff, should the purchase be rescinded, is not so great as to imperatively demand such relief.
Plaintiff, to counter this argument, cites De Paola v City of New York (90 Misc 2d 379). Plaintiff claims that De Paola cited Harper, Inc. (supra) to find that the mistaken party could be relieved from its mistake. However, in De Paola the parties were substantially returned to the status quo. De Paola holds that negligence is not a criteria for denying relief where the other party has not materially *545 changed his position (De Paola v City of New York, supra, at p 381). In this case the defendant has materially changed his position and cannot be returned to the status quo before the purchase.
A party may be relieved from a mistake without fault on his part where some ambiguity or peculiar circumstance is shown to have induced the mistake and the mistake is one which was known or ought to have been known to the other party (Assurance Co. of Amer. v Pulin, 142 NYS2d 809). There appears to be no ambiguity nor peculiar circumstance which induced the mistake herein; in fact defendant in a return telephone call to plaintiff questioned the low figure quoted, and plaintiff stood by it.
A payee cannot allege carelessness against a payor where a mistake causing payment was that of the payee, upon whose representations the payor relied in making the payment (Munroe v Bonanno, 16 App Div 421). Where loss or prejudice must be borne by one of two innocent parties, such loss must be borne by the party whose conduct brought about the situation (State Farm Mut. Auto. Ins. Co. v Stokos, 65 Misc 2d 316).
Consequently, plaintiff should not prevail in his lawsuit to collect the difference between the actual cost of the lumber sold to defendant and the mistakenly underquoted cost actually paid by defendant. To allow the plaintiff the relief requested by him, would place the defendant in the unjust position of having to pay a price which he would not originally have paid because he relied on plaintiff’s quoted price and changed his (defendant’s) position to the extent that he cannot undo the purchase.