ALDEN AUTO PARTS WAREHOUSE, INC., Plaintiff-Appellant,

v.

DOLPHIN EQUIPMENT LEASING CORP., Defendant-Appellee.

No. 965, Docket 82–7033.

United States Court of Appeals, Second Circuit.

Argued April 5, 1982.

Decided June 11, 1982.

---

M. Allan Hyman, Garden City, N.Y. (Costigan, Hyman & Hyman, P.C., Garden City, N.Y., on the brief), for plaintiff-appellant.

James L. Audiffred, Port Washington, N. Y., for defendant-appellee.

Before KEARSE and PIERCE, Circuit Judges, and LEVAL, District Judge.[*]

PER CURIAM:

Plaintiff Alden Auto Parts Warehouse, Inc. ("Alden"), appeals from a judgment of the United States District Court for the Eastern District of New York, George C. Pratt, *Judge*, following the granting of summary judgment ruling that neither Alden nor defendant Dolphin Equipment Leasing Corp. ("Dolphin") was entitled to recover damages from the other. For the reasons below, we affirm the judgment.

The present action was commenced by Alden in district court, with jurisdiction based on diversity of citizenship, to recover moneys it had paid to an assignee of Dolphin as a result of the fraud of a third person not party to this lawsuit, Intertel Communications Corporation ("Intertel"); the parties agree that both Alden and Dolphin were victims of Intertel's fraud. In 1975 Alden leased, for a five-year period, certain telephone equipment from Intertel; Intertel immediately sold its reversionary interest in the equipment to Wornat Leasing Corporation ("Wornat") and so informed Alden. Alden was instructed to, and did for the next three years, make its rental payments to Wornat. In 1978, at Intertel's behest, Alden signed a new lease agreement for the same equipment, and Intertel then delivered this lease to Dolphin and purported to sell its reversionary interest in the equipment (long-since sold to Wornat) to Dolphin; Dolphin gave Alden an option to purchase the equipment at the end of the lease period. Alden was instructed by Intertel to make lease payments thereafter to an assignee of Dolphin. Alden made the payments to Dolphin's assignee for some ten months, ignoring notices from Wornat that lease payments due Wornat were late. Eventually Alden was sued by both Wornat and Dolphin's assignee, ended up paying both, and then sued Dolphin to recover the amount paid to Dolphin's assignee. Dolphin counterclaimed against Alden, apparently seeking recovery of either the equipment or its fair market value.

On the basis of these facts, which were not in dispute, the district court found that both parties had been negligent in their dealings with Intertel and ruled that neither should recover from the other. This decision seems soundly based in New York law. To begin with, we note that although Alden seems to assume that its action against Dolphin sounds in tort and seeks to have the parties' losses apportioned according to principles of comparative negligence, Alden has no claim against Dolphin for tort. The closest Alden came to asserting a claim in tort was in the fourth count of its complaint, which alleged that the fraudulent representations by Intertel were made on behalf of Dolphin. However, Alden has since conceded that Dolphin had no involvement in the fraud and was instead, like Alden, a victim of it. The district court found that "there is no question of Dolphin's subjective good faith ...."

■ Rather, Alden's claim is best characterized as one for rescission of the 1978 lease based on mistake.[1] It is important to recognize, however, that while the fraud of Intertel led Alden to execute the second lease on the basis of a mistake of fact, this was not an instance of *mutual* mistake on the part of Alden and Dolphin. It is true that both were deceived, but each was in error as to a different fact. Alden, which knew that Intertel had sold the equipment to Wornat, mistakenly believed that Wornat had sold the equipment to Dolphin. Dolphin, however, did not know of the earlier sale to Wornat and was unaware of Alden's mistaken belief; Dolphin's mistake of fact was its belief that at the time of the second lease Intertel was the supplier of the

* The Honorable Pierre N. Leval, of the United States District Court for the Southern District of New York, sitting by designation.

1. A party may not maintain an action for *damages* on the basis of mistake unless the mistake was induced by the defendant's fraudulent or reckless misrepresentation. *Wood v. Dudley*, 188 A.D. 136, 140, 176 N.Y.S. 494, 497 (1st Dep't 1919).

telephone equipment leased by Alden—a belief supported by Alden's execution of the new lease showing Intertel as the supplier of the equipment. Thus, although each party was mistaken, Alden's mistake was not a mutual mistake. *See* Restatement of Restitution § 12 comment b (1937).

■ Although a contract entered into because of a *mutual* mistake of material fact will generally be avoidable, 37 N.Y. Jur. *Mistake, Accident, or Surprise* § 5 (1964), a unilateral mistake standing alone usually does not justify equitable relief, *id.* § 7; Restatement of Restitution, *supra,* § 12 ("A person who confers a benefit upon another, manifesting that he does so as an offer of a bargain which the other accepts or as the acceptance of an offer which the other has made, is not entitled to restitution because of a mistake which the other does not share and the existence of which the other does not know or suspect."). The fact that Alden was led into its mistake by Intertel's fraud does not give Alden a right to rescission against Dolphin since the latter was in no way a party to the fraud. *See* Restatement of Restitution, *supra,* § 28. Even focusing solely on Alden's 1978 dealings with Intertel and accepting Alden's assertion that it believed it was merely signing a document designed to assist Intertel in obtaining new financing, Alden would have no right to restitution against Dolphin, since "recovery is ordinarily denied as against a third person who, as a result of a mistake in a transaction between two other persons, receives a payment from one of them in good faith in the ordinary course of business and for a valuable consideration." 50 N.Y.Jur. *Restitution and Implied Contracts* § 22 (1966); Restatement of Restitution, *supra,* § 14 & comment d. Valuable consideration, of course, may consist of the third party's payment to either party to the contract at issue. *See id.* illustration 9 ("By fraud A obtains an I.O.U. from B. A sells this to C who pays value and has no reason to know of the fraud. Without further information, C presents the I.O.U. to B who pays. B is not entitled to restitution from C.").

■ A request for rescission and restitution is addressed to the equity powers of the court, *e.g., Abner M. Harper, Inc. v. City of Newburgh,* 159 A.D. 695, 699–700, 145 N.Y.S. 59, 63–64 (2d Dep't 1913), and if that request is premised on a unilateral mistake such relief will normally not be granted if the defendant, by reason of changed circumstances or otherwise, will be prejudiced thereby, *e.g., id.* at 697, 145 N.Y.S. at 62; *Harding v. Knapp,* 8 N.Y.S.2d 224, 227 (City Ct.Roch.1938); Restatement of Restitution, *supra,* §§ 69, 142. There is no dispute that in the present case there has been a change of circumstances since the new lease in 1978, in connection with which Dolphin paid moneys to Intertel: Alden acknowledges that Intertel has since gone out of business. In all the circumstances, therefore, the district court's decision, on the basis of the undisputed facts, that each party should bear its own losses and that neither Alden nor Dolphin is entitled to recover from the other, was well within the court's discretion in the exercise of its equity powers.

Alden's principal argument on appeal is that the district court granted Alden summary judgment on the issue of Dolphin's liability to it and either erred in ruling that Alden's recovery was barred by its negligence, or erred in deciding factual questions as to Alden's damages. We disagree with Alden's premise and find no merit in either claim of error. Although both parties assume that Judge Pratt granted partial summary judgment to Alden on the liability issues of its claim against Dolphin, we do not construe the opinion in this way. The sole portion of Judge Pratt's opinion pointed to by the parties in this regard is a paragraph that reads as follows:

> For these reasons, defendant Dolphin by the lease that was fraudulently executed by Intertel never obtained title to the goods in question and cannot recover on the lease contract. Alden's motion for summary judgment on this issue is, therefore, granted.

We see no basis in this paragraph for any inference that Judge Pratt ruled in favor of

Alden on any part of its claim against Dolphin. Rather, the paragraph speaks only of *Dolphin's* claim of title, states that *Dolphin* cannot recover on the lease contract, and grants summary judgment to Alden "on this issue." And ·this paragraph of the opinion is followed immediately by a paragraph that begins "There *remains* the issue of whether *Alden* can recover from *Dolphin* . . . ." (emphasis added). The conclusion reached in the court's discussion of "the issue of whether Alden can recover" is that Alden should not recover. Thus, although the opinion ends by stating that "while plaintiff's motion for summary judgment is granted, the court finds that neither party can recover damages," we find no indication in the opinion that Alden was granted summary judgment as to any issue but its own liability to Dolphin.

■ Finally, the court's discussion leading to the denial of recovery to Alden does not purport to decide questions as to damages; it is unrelated to any assessment or computation of the amount of Alden's loss. Rather, it can sensibly be construed only as a decision of the court, in the exercise of its equity power, that Alden's unilateral mistake in entering into the second lease, which resulted from its own negligence rather than from any misrepresentation on the part of Dolphin, did not entitle Alden to recover against Dolphin. Alden's reliance on the principle that a claimant's carelessness in executing an agreement does not bar recovery is misplaced. Such negligence may not be a defense to a right to recovery if such a right is prima facie established, Restatement of Restitution, *supra,* § 59; but the possible unavailability of carelessness as a defense does not cure Alden's failure to establish a prima facie right to rescission or restitution on the basis of the unilateral mistake Alden made here.

The judgment is affirmed.

LEVAL, District Judge, concurring:

Under the law of New York, where a party has culpably or negligently asserted a fact and by such assertion has intentionally induced a change of position by another in reasonable reliance upon the asserted fact, that party will be estopped from subsequently denying the fact if such denial will cause injury to the party which so relied. *Brookhaven v. Smith,* 118 N.Y. 634, 23 N.E. 1002, 7 L.R.A. 755 (1890) (plaintiff estopped from denying defendants' title to land); *see Plumb v. Cattaraugus Co. Mutual Insurance Co.,* 18 N.Y. 392 (1858) (contract action: facts support inference of negligence by both parties); *see also Romano v. Metropolitan Life Insurance Co.,* 271 N.Y. 288, 2 N.E.2d 661 (1936) (rule applied even to faultless misleading); *cf. Moore v. Metropolitan National Bank,* 55 N.Y. 41, 47 (1873); 21 N.Y.Jur., *Estoppel, Ratification and Waiver* § 50–52 (1961). Judge Pratt found (and it is unquestionably true) that Alden was negligent in entering into new financing agreements without obtaining any documentation terminating the prior inconsistent agreements. The chief executive of Alden signed documents without even reading them, which documents permitted Intertel to accomplish the fraud. Alden therefore came within the principle cited above which justifies affirmance of Judge Pratt's denial of relief to Alden.

We need not consider the denial of relief to Dolphin since Dolphin has not appealed.

Accordingly, I concur in affirming Judge Pratt's decision.