BALABAN-GORDON COMPANY, INC., Respondent, v. BRIGHTON SEWER DISTRICT No. 2 et al., Appellants.

Fourth Department, April 13, 1973.

Branch, Van Voorhis & Wise (Charles S. Turner of counsel), for appellants.

Leslie Hynes (William D. Powers of counsel), for respondent.

SIMONS, J. This appeal questions the right of a contractor to withdraw its bid on a public construction contract because of a unilateral mistake in interpreting the engineers' specifications concerning equipment to be included in the bid price.

A bid is a binding offer to make a contract. It may be withdrawn in the case of unilateral mistake by the bidder where the mistake is known to the other party to the transaction and (1) the bid is of such consequence that enforcement would be unconscionable, (2) the mistake is material, (3) the mistake occurred despite the exercise of ordinary care by the bidder and (4) it is possible to place the other party in *status quo*. (13 Williston, Contracts [3d ed.], § 1573; Ann. 52 ALR 2d 793-794.)

In 1967 the appellant Brighton Sewer District No. 2 advertised for bids to construct two sewage treatment plants. Bids were received for the general construction, plumbing, heating and electrical work for each facility and bidders could bid each contract separately or in combination. Respondent Balaban-Gordon Company, Inc. was the lowest bidder on the general construction contract for both plants. Its total bid for the work was $2,249,700, $530,300 below the second bidder. It also bid on the plumbing contract. It was the high bidder for that job, its bid being $376,230 higher than the low bid of $687,770. The respondent's representatives, upon learning of the difference in the bids, checked with the appellant's engineers and re-examined their worksheets. They determined that they had incorrectly interpreted the specifications and had included the cost of several

pieces of mechanical equipment in the bid for the plumbing contract which should have been in the bid for the general construction.[1] The trial court has found this mistake was due to the bidder's negligence. The respondent explained the error in detail at a conference with appellant's representatives and asked that its bid be withdrawn. The appellant insisted that the bid could not be withdrawn under General Municipal Law (§ 105) and demanded that respondent execute the contracts for general construction. When the respondent refused to do so, the appellant readvertised for bids and declared the respondent's bid bond forfeited. This action to rescind the bid and to cancel the bond followed. The trial court granted judgment for respondent, holding that it was entitled to rescind its mistaken bid notwithstanding its negligence.

If the bid may be rescinded, then the bid bond must be canceled because the municipality may not retain the proceeds either as a penalty or liquidated damages. If there is no legal obligation on the part of the contractor to fulfill its bid, it may not be held on the bid bond for its failure to do so. (*Abner M. Harper, Inc.* v. *City of Newburgh*, 159 App. Div. 695; cf. *Brendese* v. *City of Schenectady*, 194 Misc. 150, affd. 273 App. Div. 831, affd. 297 N. Y. 965.)

It is apparent from the facts that there was a material mistake of serious consequence to the bidder from which it should be relieved if the appellant can be placed in *status quo* and if respondent's mistake is excusable. The mistake in computing the bid was " palpable ", i.e., known to the other party because of the disparity in the bids and because of the prompt actual notice to appellant once the bids were opened and before the contract was awarded. Furthermore, the appellant's position has not been damaged. It could have awarded the contract to

---

1. Par. 100–PI–6X

" Treatment Plant-Plumbing and Equipment: Shall cover all equipment, piping and appurtenances within the blower, prechlorination, postchlorination, utility and generator buildings and the effluent water systems valve vault at Allens Creek Plant; and the control and service buildings and water system valve and meter vault at Richs Dugway Plant; except only such work as is specifically covered by items 31 AH, 31 RH, 41 AAE and 41 RE. These items include all equipment, piping and appurtenances, *within these structures* specified under Section 28, 32, 36, 65, 66, 67, 70, 77 and 79 of the specifications." (Emphasis added.)

Plaintiff interpreted this paragraph to mean that all items specified in the sections therein enumerated, i.e., (§§ 28, 32, 36, etc.), were included under the plumbing contract. Appellant's engineers intended that the only equipment included in this paragraph was equipment contained in the buildings referred to in the first sentence.

the second bidder. The election to rebid the job was its own and not required by any act of respondent. Appellant lost the bargain but that is not a compensable loss if the bid may be rescinded, because it was a bargain to which the appellant was never entitled. (*Martens & Co.* v. *City of Syracuse*, 183 App. Div. 622.) The case turns on whether this is the type of a mistake which justifies relief by rescission. Mistakes by definition reflect oversight or some lack of care and so the requirement that the mistake occur in the exercise of ordinary care may not be interpreted narrowly. The question is whether the mistake is of the variety considered excusable, and each case must be considered on its own facts. (3 Pomeroy, Equity Jurisprudence [5th ed.], § 856d; Ann. 59 A. L. R. 811, 827.)

The parties are in agreement that relief is available where the mistake is clerical or arithmetical. (*Moffett, Hodgkins & Clarke Co.* v. *Rochester*, 178 U. S. 373; *City of New York* v. *Seely-Taylor Co.*, 149 App. Div. 98, affd. 208 N. Y. 548; *Levine* v. *Parsons*, 258 App. Div. 1003, mot. for lv. to app. den. 282 N. Y. 808; *Martens & Co.* v. *City of Syracuse, supra; City of New York* v. *Dowd Lbr. Co.*, 140 App. Div. 358; 10 McQuillin, Municipal Corporations [3d ed.], § 29.82.) In such a case, the mistaken bid does not express the true intention of the bidder. If he were to recompute the bid or if another person were to do so, the obvious error would be discovered and corrected. Its existence may be objectively determined. In those circumstances, there is said to be no meeting of the minds because the bid was one which the bidder never intended to make.

On the other hand, it is commonly recognized that a bidder will not be relieved from an error in a value judgment in estimating the requirements or costs necessary to fulfill a contract (3 Corbin, Contracts, § 605). Mistakes of this type are inherent business risks assumed by contractors in all bidding situations. If the specifics of the job were recalculated by the bidder, his bid would be the same, for these estimates do not involve oversights. They represent subjective judgments deliberately made with respect to the requirements of the job. Another person calculating the bid might or might not make the same " mistake ", depending upon his mental evaluation of the work to be performed, but in any event, the minds of the bidder and the offeree meet because the bid is precisely what the bidder intends even though his judgment later proves faulty.

The appellant claims that the error must be considered one of these two types, either clerical and arithmetical, or an error of judgment, relief by rescission being available in the former case

but not in the latter. Since the incorrect interpretation of the specifications was not clerical or arithmetical appellant claims that respondent should be held to the bid and liable for liquidated damages under its bid bond. Unfortunately, not all mistakes made by contractors are categorized so easily. Applying the reasoning of the two types of mistakes to the facts of this case illustrates the difficulty. If respondent's representatives were to recompute its bid, they doubtless would interpret the specifications the same way. In that sense, the bid accurately represented the contract respondent was willing to make and there was a meeting of the minds. Nevertheless, the error was objectively discoverable. Another contractor computing the bid would not, and in fact no others did, make the same mistake in interpretation and in that sense the bid did not represent the bid intended because respondent was working under a misapprehension with respect to the particulars called for by the specifications. Reasonable care probably dictated that respondent should have asked the engineers to clarify the meaning of the ambiguous specifications (at least one other bidder did so), but respondent's failure to investigate should not prevent it from obtaining relief.

The case fits squarely within the factual pattern of *President & Council of Mount St. Mary's Coll.* v. *Aetna Cas. & Sur. Co.* (233 F. Supp. 787, affd. 344 F. 2d 331 [C. A. 4th]). There, the court granted relief by rescission to a bidder who, because of an error in interpreting the specifications, failed to include the cost of certain equipment in his bid. (See, also, *State of Connecticut* v. *McGraw & Co.*, 41 F. Supp. 369.) Although the error was the result of negligence by the bidder in not asking the architect for an interpretation of the specifications, relief was granted because the bidder's negligence was not "culpable". Similar analyses of the degree of the bidder's mistake, i.e., whether the bidder is "more" or "less" negligent, have been made in other cases. (See dicta in *People* v. *Rouse Constr. Corp.*, 26 A D 2d 405 [without gross negligence]; *Levine* v. *Parsons*, 258 App. Div. 1003, mot. for lv. to app. den. 282 N. Y. 808, *supra* ["unintentional" mistake]; *City of New York* v. *Dowd Lbr. Co.*, 140 App. Div. 358, *supra* [an "honest mistake"]; Ann. 572 ALR 2d 797 [a "remediable' mistake].) When an effort is made to apply these tests, they are found to be elusive to say the least. The decisive factual question is whether the mistake is one the courts will excuse. Then, if the mistake concerns a material matter in an executory contract under circumstances where relief to the bidder results in no damage to the

municipality but enforcement results in serious harm to the bidder, rescission will be granted. Manifestly, rescission may be allowed more readily for a mistake made by a bidder which is objectively established and which does not evolve from an inherent risk of business. Even though the mistake is the product of negligence on the part of the bidder, relief should be granted because the assurance exists from the objective proof that the transaction is free from mischief. This satisfies a fundamental purpose of the public bidding statutes.

The error in this case did not pertain to an evaluation of risks or estimation of requirements or costs by the bidder and the effect of the mistake was verifiable in much the same way as a clerical error (see *Martens & Co.* v. *City of Syracuse*, 183 App. Div. 622, *supra*), the impossibility of performance (see *People* v. *Rouse Constr. Corp., supra*) or an arithmetical error (see *People* v. *Dowd Lbr. Co., supra*). That being the case, it should be excused and rescission granted. In these days of multi-million dollar construction contracts, the public interest requires stability in bidding of public contracts under rules that protect against chicane and overreaching. Nevertheless, little is to be gained if a contractor is forced to perform a contract at an extravagant loss or the risk of possible bankruptcy. If a mistake has been made under circumstances justifying relief, the municipality should not be allowed to enforce the bargain. Its remedy to avoid loss is to award the contract to the next bidder or assume the responsibility of rebidding.

The judgment granting respondent rescission of its bid and canceling the bond should therefore be affirmed.

DEL VECCHIO, J. P., WITMER, MOULE and CARDAMONE, JJ., concur.

Judgment unanimously affirmed, with costs.