Burton S. Sherman, J.
In this nonjury action the plaintiff a stockbroker seeks to recover damages from its customer resulting from an alleged executed order for the sale of stock. *791 The defense to the action is mistake, negligence and failure to mitigate damages.
The facts are that the defendant’s son who had authority to trade for his father visited plaintiff brokerage office on January 24, 1974. After examining the "pink sheets” which list daily stock quotations, the defendant’s son noticed that an over-the-counter common stock of General Energy Corporation was trading at $7 a share. The defendant’s son discussed this over-the-counter stock with an employee of the plaintiff and then placed an order to sell 2,000 shares of General Energy Corporation at not less than $7 a share. The order was executed that same day. The certificates for the 2,000 shares to cover the sale were delivered by the defendant to the plaintiff’s office on January 31, 1974. On February 4, 1974 which was the second business day after delivery, the plaintiff observed that the stock certificates delivered were shares of General Energy Corporation of Arizona, which had no public market. The fact is that the stock sold on January 24, 1974 at $7 a share was General Energy Corporation of Delaware. To cover the sale the plaintiff on the same day, February 4, 1974, purchased on the open market 2,000 shares of General Energy of Delaware. It incurred a loss of $2,735.50 which it seeks to recover from the defendant.
A mutual mistake of an existing material fact will render a contract voidable. (Coffin v City of Brooklyn, 116 NY 159; Bond & Goodwin v duPont, 254 App Div 543, affd 280 NY 715; Powderly v Aetna Cas. & Sur. Co., 72 Misc 2d 251; Restatement, Contracts, § 502; 37 NY Jur, Mistake, §§ 4-5.) A contract may be rescinded on the grounds of a unilateral mistake of fact only where the enforcement of the contract would be unconscionable, the mistake is material and made despite the exercise of ordinary care by the party in error, the innocent party had no knowledge of the error and it is possible to place the parties in status quo. (Balaban-Gordon Co. v Brighton Sewer Dist. No. 2, 41 AD2d 246; 13 Williston, Contracts [3d ed], § 1573; 3 Corbin, Contracts, § 608; Restatement, Contracts, § 503.) Lastly in determining whether there has been a mistake of fact the test to be applied is objective not subjective. (13 Williston, Contracts [3d ed], § 1536.)*
In the case at bar the court finds that there was no mutual *792 mistake of fact. The plaintiff was asked to purchase the General Energy Corporation stock which was then selling for $7 a share on the over-the-counter market. This was the stock of General Energy Corporation of Delaware. The defendant might well have thought and indeed intended to sell the stock in his possession, namely General Energy Corporation of Arizona. However, the test is an objective one and the fact is that he requested the plaintiff to sell the stock of the Delaware corporation. Nor was there any evidence of negligence on the part of the plaintiff. While the defendant was a customer of the plaintiff, it was admitted that the Arizona stock had not been purchased through the plaintiff. Plaintiff had no actual knowledge that the defendant was mistaken. Nor can a standard of constructive knowledge be imposed upon stockbrokers in these circumstances. Finally the plaintiff acted in reliance on defendant’s request and incurred damages therefrom. Plaintiff changed its position after entering the contract. Rescission for a unilateral mistake can only be granted when the parties can be returned to status quo. "[I]f, in the expression of the intention of one of the parties to an alleged contract, there is error, and that error is unknown to, and unsuspected by, the other party, that which was so expressed by the party and agreed to by the other is a valid and binding contract, which the party not in error may enforce.” (17 Am Jur 2d, Contracts, § 146, pp 492-493; Speizman Co. v Williamson, 12 NC App 297.) The court further finds as a fact that the plaintiff did mitigate its damages. Moreover, it has gratuitously waived commissions. The defenses are denied. Accordingly the plaintiff shall have judgment in the sum of $2,750 with interest from February 5, 1974.

 For an excellent discussion on the difference between mistake and contract risk and the difficulty in formulating a true rule of law for mistake see Corbin, Contracts (vol 3, § 598, p 589; § 597, p 583).