Per Curiam.

Judgment entered January 27, 1976 (Sherman, J.) affirmed, with $25 costs.
We concur in the finding of the Trial Judge that the order to sell given plaintiff by defendant’s son (who had authority to trade for his father’s account) did not result from a mutual mistake of fact. When defendant’s son requested plaintiff to obtain a "quote” on the "General Energy Corp.” mentioned in the Dow-Jones news item, he was, in effect, requesting a quotation on the corporation referred to in that item, namely, General Energy Corporation of Delaware. Similarly, when, given the quotation, he placed the order to sell 2,000 shares of "General Energy Corp.”, plaintiff properly assumed that he was selling stock of General Energy Corporation of Delaware. The fact that, unbeknownst to plaintiff and defendant’s son, defendant actually owned shares of a corporation with the same name organized in Arizona, may not in these circumstances, be charged to plaintiff. The mistake was unilateral on the part of the son, not bilateral on the part of both parties to the transaction (see Speizman Co. v Williamson, 12 NC App 297, cert den 279 NC 619).
We also find no error on the issue of damages.
Concur: Hughes, P. J., Gellinoff and Riccobono, JJ.