■ JAMES H. MERRITT PLUMBING, INC., Appellant, v CITY OF NEW YORK, Respondent.—Judgment, Supreme Court, New York County, entered August 8, 1975, which declared the subject contract price to be $1,226,000 and dismissed the complaint, unanimously modified, on the law, to the extent of striking the second decretal paragraph dismissing the complaint and, as so modified, affirmed, without costs and without disbursements. In this action, plaintiff seeks a declaratory judgment as to whether an award of

contract dated September 18, 1972, in the sum of $1,256,700 constituted the contract between the parties and whether a revised award of contract dated September 22, 1972, in the sum of $1,226,700 constituted an improper unilateral reduction of the original award, thus requiring the executed contract between the parties dated October 12, 1972, to be modified from the stated price therein of $1,226,700 to $1,256,700. The facts are: on or about August 1, 1972, plaintiff in response to defendant's advertisement for public bidding for the plumbing work at a certain pollution control project submitted a bid. The bid was submitted on the defendant's form which is set forth in pertinent part as follows: "(A) Price for Equipment and Material Permanently Installed, Sold and Delivered $726,700.00 (B) Price for Installation and all other costs $500,000.00 Total (price in words) One Million Two hundred & Fifty-six thousand Seven Hundred—(Dollars) (price in figures) $1,256,700 Bidder James H. Merrit Plumbing Corp." It will thus be seen that the actual sum of lines A and B was $1,226,700, which was $30,000 lower than the amount set forth on the line denominated as total. The instructions to bidders was accompanied by "Addendum 1 to Agreement". Pursuant thereto, the contractor was instructed that there were certain city, State and Federal tax exemptions applicable to "all materials and supplies sold to the City pursuant to the provisions of this contract" which materials were "incorporated into the completed work". Hence, the contractor was not to include in its bid an amount for such taxes. However, the contractor was informed that the exemptions were not applicable to materials, etc., which are consumed in the job but not incorporated into the completed work. By letter dated September 18, 1972, the Commissioner of the Environmental Protection Agency (EPA) wrote plaintiff informing it that a contract had been awarded to it in the amount of $1,256,700. Thereafter, by letter dated September 22, 1972, the commissioner wrote plaintiff stating that such letter "supercede[d] [the] previous letter of award dated September 18, 1972". Plaintiff was thereupon informed that the award was in the amount of $1,226,700. By letter dated September 26, 1972, plaintiff objected to the revised award, explaining that the $30,000 differential represented tools, materials, etc., not incorporated into the completed work. Plaintiff contended that it had omitted $30,000 in materials to be consumed since such materials did not come within item A, which was for materials permanently installed and that plaintiff interpreted item B as referring to nontaxable installation labor costs. Plaintiff included the consumable materials in "total" costs. On October 4, 1972, the commissioner responded by stating that the total of the bid is the total of A and B. It was noted that upon audit, the total of A and B in the bid was ascertained to be $1,226,700 and not $1,256,700. Further, plaintiff was informed that if acceptance of the award was not received within 48 hours "steps will be taken to declare your bid informal and to award the contract to the second bidder". Thereupon plaintiff delivered a letter dated October 10, 1972 to the commissioner, asserting that the bid had been already accepted at the higher amount. Nevertheless, the plaintiff indicated it felt "compelled by circumstances" to sign the amended contract "under protest and without waiving * * * our legal rights to the additional $30,000". Subsequently, a contract for the lower amount was executed by the parties. It is clear that EPA was not bound by the award of contract initially made. First, it appears that, from the letter of September 18, 1972, all preliminaries had not been completed and that there was no intent to be bound until a binding formal agreement was executed in conjunction with other documents. As such, until those documents and the agreement were signed, the EPA could reconsider its

award *(Abner Harper Inc. v City of Newburgh,* 159 App Div 695; 10 McQuillan, Municipal Corporations [3d ed], § 29.71, p 413). Moreover, under these facts, even if the first award be considered as binding on the EPA, the contract here could have been avoided based on the parties' mutuality of mistake. Plaintiff erred in its interpretation of the form of bid when it concluded that the sum of A and B did not have to equal the amount set forth on the line calling for the total. EPA, in turn, was led by that mistake into initially granting an award for the higher amount (see Bid for Public Contract—Mistake, Ann., 52 ALR2d 792). Perusal of the form of bid clearly warrants concluding that lines A and B were intended to be component parts of the total bids. Assuming that the plaintiff was confused as to what category the $30,000 item fell into, there is no good reason why it did not believe that the item should not be included under line B, which was for "installation and *all other costs"* (emphasis supplied). From the instructions given in the addendum, it may be concluded that line B was intended to include all items not subject to tax exemption.* Even assuming the form was ambiguous, plaintiff should have followed the direction in section 3 of the information to bidders, pursuant to which bidders were directed "to request the Commission in writing for an interpretation or correction of every patent ambiguity, inconsistency * * * which should have been discovered by a reasonably prudent bidder." In the absence of making such request in advance of the bidding, plaintiff is bound by the reasonable interpretation of the commissioner. Plaintiff urges that once the commissioner received and opened the bid, there was no right to renegotiate and that such renegotiation constituted a violation of the public bidding statute (General Municipal Law, § 103), rendering the amended contract illegal. That is not so. In an opinion by the Attorney-General (1973 Atty Gen [Inf Opns] 137), it has been stated that if the municipality is satisfied that an honest mistake has been made it may permit the withdrawal of the bid. (See *Balaban-Gordon Co. v Brighton Sewer Dist. No. 2,* 41 AD2d 246, wherein it was concluded that a bidder should have been relieved of the obligations incurred by its bid due to the fact that there had been an arithmetical error. Clearly, if the bidder could obtain rescission based on its error, then the municipality may likewise cancel a contract based on an arithmetical error.) The EPA having the authority to declare the bid informal, plaintiff was not injured if the EPA gave plaintiff an opportunity to accept the contract at the lower amount of the bid. Since the matter involved a mathematical error on the face of the bid, there was no chance for evasion of the public bidding statute (cf. *Balaban-Gordon Co. v Brighton Sewer Dist. No. 2, supra).* Moreover, plaintiff cannot be heard to complain since it acquiesced in the new agreement. There was no economic duress because the EPA had a right to avoid the original "agreement", which, in fact, had never become binding. The commissioner offered to declare the bid informal and hence there could have been no bond forfeiture. Thus, there was no duress, and plaintiff's acquiescence in the contract was voluntary and binding since it could have walked away from the project (cf. *Camilli & Sons v State of New York,* 41 Misc 2d 218). The only error perceived in the trial court's judgment is that while it did declare that the contract price was $1,226,000, it nevertheless dismissed the complaint. However, in a declaratory judgment action, it is error to dismiss the complaint merely because

---

* It might be noted that the other three bidders did not have the same problem in interpreting the bid form, and the sum of lines A and B on their bids equaled the amount set forth on the line for the total.

the plaintiff is not entitled to the declaration it seeks *(Lanza v Wagner,* 11 NY2d 317, 334). Therefore, the decretal paragraph in the judgment dismissing the complaint is stricken *(Barbizon Elec. Co. v City of New York,* 36 AD2d 923). Concur—Murphy, Lupiano and Nunez, JJ.; Kupferman, J. P., and Silverman, J., concur in the following memorandum: We concur in the result on the ground that the commissioner gave the plaintiff bidder an opportunity to withdraw from the arrangement, and the bidder preferred to acquiesce in the city's interpretation of the bid.