ALBERT ELIA BUILDING COMPANY, INC., Plaintiff-Appellant,

v.

AMERICAN STERILIZER COMPANY, Defendant-Appellee.

No. 960, Docket 79–7836.

United States Court of Appeals, Second Circuit.

Argued March 27, 1980.

Decided June 2, 1980.

William J. McDermott, Niagara Falls, N.Y., for plaintiff-appellant.

James S. McAskill, Buffalo, N.Y., Carmen P. Tarantino and Damon, Morey, Sawyer & Mott, Buffalo, N.Y., for defendant-appellee.

Before FRIENDLY and MESKILL, Circuit Judges, and THOMSEN,* District Judge.

PER CURIAM:

Albert Elia Building Company, Inc., plaintiff below, appeals from a judgment of the district court dismissing its action for breach of contract against American Sterilizer Company, after a trial before the court without a jury.[1] The action had been instituted in the state court and removed by the defendant to the district court on the ground of diversity of citizenship.

■ Because we have concluded that the judgment should be vacated and the case remanded to the district court for further findings of fact and conclusions of law on the issue of unilateral mistake, it is not necessary to set out herein the complicated set of facts upon which the opinion was based. It is enough to say that we do not find sufficient evidence in the record before us to show that plaintiff did not intend to perform the contract.

■ However, we conclude that the district judge did not decide the issue of unilateral mistake on the part of the defendant, and plaintiff's awareness of any such mistake; there was sufficient evidence in the record to require a consideration of that issue.

The effect of unilateral mistake is dealt with in the Restatement (Second) of Contracts §§ 295, 296 (Tent.Draft No. 10, 1975), which provide:

§ 295. WHEN MISTAKE OF ONE PARTY MAKES A CONTRACT VOIDABLE.

Where a mistake of one party at the time a contract was made as to a basic assumption on which he made the contract has a material effect on the agreed exchange of performances that is adverse to him, the contract is voidable by that party if he does not bear the risk of the mistake under the rule stated in § 296, and

(a) the effect of the mistake is such that enforcement of the contract would be unconscionable, or

(b) the other party had reason to know of the mistake or his fault caused the mistake.

§ 296. WHEN A PARTY BEARS THE RISK OF A MISTAKE.

A party bears the risk of a mistake when

---

* Of the District of Maryland, sitting by designation.

1. The court also entered judgment for plaintiff on defendant's counterclaim. Defendant did not appeal.

(a) It is allocated to him by agreement of the parties, or

(b) he is aware, at the time the contract is made, that he has only limited knowledge with respect to the facts to which the mistake relates, but treats his limited knowledge as sufficient, or

(c) it is allocated to him by a term supplied by the court on the ground that it is reasonable in the circumstances to do so.

Since counsel for both sides failed to explore the unilateral mistake issue, their briefs provide little assistance in charting New York doctrine on this point. Our own research has not revealed any New York Court of Appeals opinion in point; nevertheless, several appellate division opinions approach the Restatement position and can provide guidance for the proceedings on remand, see *Balaban-Gordon Co., Inc. v. Brighton Sewer District No. 2*, 41 A.D.2d 246, 342 N.Y.S.2d 435 (4th Dep't 1973), and the cases cited therein.

The judgment appealed from is vacated and the case remanded for further proceedings consistent with this opinion.