■ CITY OF SYRACUSE, Respondent, v SARKISIAN BROTHERS, INC., et al., Appellants. — Order unanimously reversed, with costs, defendants' motion granted and complaint dismissed, in accordance with the following memorandum: In response to plaintiff's advertisement for bids in connection with the construction of a junior high school, defendant Sarkisian Brothers, Inc., prepared a preliminary bid proposal in accordance with the plans and specifications of plaintiff. Before the bid was submitted, Sarkisian determined that it would be able to reduce its bid by $21,300. In transposing this reduction from its work sheet to the bid proposal, however, the sum of $213,000 was inadvertently deducted instead of $21,300, resulting in a bid on the job of $3,547,000, whereas its intended bid was $3,738,700. On the same day the bids were submitted and opened, Sarkisian discovered its error and notified plaintiff and requested that its bid be withdrawn. Plaintiff thereupon requested the bidder's work sheets which were promptly forwarded. Almost three weeks after the bid submission and notification of the error, plaintiff awarded the contract to Sarkisian Brothers, Inc., based upon its erroneous bid. The contractor declined to perform and plaintiff readvertised the job and awarded a contract in an amount closely approximating the bid which Sarkisian had intended to submit. This action seeking money damages and bond forfeiture ensued. Defendants moved for summary judgment rescinding the contract which motion was denied by Special Term. We reverse. The clerical mistake made by defendant contractor was excusable and material and of such an amount as to make enforcement of the contract unconscionable. The error was subject to objective determination by comparing the work sheets with the bid proposal. The criteria for rescission of a contract as is herein involved has been stated in *Balaban-Gordon Co. v Brighton Sewer Dist. No. 2* (41 AD2d 246, 247): "A bid is a binding offer to make a contract. It may be withdrawn in the case of unilateral mistake by the bidder where the mistake is known to the other party to the transaction and (1) the bid is of such consequence that enforcement would be unconscionable, (2) the mistake is material, (3) the mistake occurred despite the exercise of ordinary care by the bidder and (4) it is possible to place the other party in *status quo*. (13 Williston, Contracts [3d ed.], § 1573; Ann. 52 ALR 2d 793-794.)" These tests have been met and plaintiff should not be permitted to enforce the bargain (see *Derouin's Plumbing & Heating v City of Watertown*, 71 AD2d 822). Plaintiff's position has not been damaged since it received prompt actual notice of the error and could have awarded that contract to the second bidder. The election to rebid was its own and not required by any act of Sarkisian Brothers, Inc. (*Balaban-Gordon Co. v Brighton Sewer Dist. No. 2, supra*, p 249.) There was never a meeting of minds of the parties which could give rise to a contract since the bidder never submitted its

real bid but instead, an erroneous one not at all expressing its intent (*Martens & Co. v City of Syracuse,* 183 App Div 622). Since the bid is rescinded, the bid bond must be canceled for the contractor has no legal obligation to fulfill its bond. (Appeal from order of Supreme Court, Madison County, Zeller, J. — breach of contract.) Present — Simons, J. P., Hancock, Jr., Doerr, Denman and Schnepp, JJ.