■ JOBCO, INCORPORATED, Respondent-Appellant, v COUNTY OF NASSAU, Appellant-Respondent.—In an action, *inter alia,* to enjoin the defendant from awarding a contract to the plaintiff and asserting a claim against the bid bond and for related declaratory relief, the defendant appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County (Morrison, J.), entered November 7, 1985, as, after a nonjury trial, discharged the plaintiff from liability on the bid bond, and the plaintiff cross-appeals from so much of the judgment as denied the alternative relief requested in its complaint, i.e., reformation of the bid.

Ordered that the cross appeal is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from, and it is further,

Ordered that the plaintiff is awarded one bill of costs.

In August 1985 the County of Nassau invited bids for the general construction work on the proposed Mitchel Field Transit Facility in Uniondale, New York. On the morning of the bid opening, the plaintiff, a general contractor, submitted a bid for $17,385,000, accompanied by the requisite bond of 10% of the bid amount, i.e., $1,738,500. Upon realizing, after the bid results became known, that its bid was submitted in error inasmuch as it was $1,000,000 lower than intended due to a clerical mistake, the plaintiff promptly notified the county of the error, requesting either rescission or reformation of the bid.

Several weeks later, after having investigated the situation, the county nevertheless awarded the contract to the plaintiff, informing it that "[w]e do not agree with your contention of honest error" and directing it to "prepare yourselves to undertake this contract".

The plaintiff immediately commenced this action. At the trial, the county asserted that, *inter alia,* even if rescission were to be granted on the basis of mistake, the plaintiff would not be entitled to be discharged from liability on the bid bond by virtue of the following language, contained within the bid documents: "If the Bidder to whom the Contract is awarded refuses or neglects to execute it * * * within ten (10) days of the date of the Notice of Award, the amount of his bid security shall be forfeited and shall be retained by the County as liquidated damages. *No plea of mistake in a bid shall be available to the Bidder for the recovery of his bid security or as*

*a defense to any action based on the neglect or refusal to execute a contract"* (emphasis added).

The plaintiff asserted that forfeiture of the bid bond would be financially ruinous.

The trial court granted rescission, finding, *inter alia,* that the error was clearly material and occurred despite the exercise of ordinary care by the bidder and is of "such magnitude that enforcement of the contract would be unconscionable".

The county does not challenge this determination, but rather, limits its appeal to the discharge of the plaintiff and its surety from liability on the bid bond.

The trial court properly determined that the bid bond, which, by the terms of the bid documents, was required "as assurance that the bid is made in good faith", should not be forfeited by the plaintiff, the "no plea of mistake" provision of the bid documents notwithstanding, since rescission having been granted, the bidder was legally excused from entering into the contract and, thus, the absence of the underlying obligation vitiated any contractual obligations arising therefrom. As this court explained in *Abner M. Harper, Inc. v City of Newburgh* (159 App Div 695, 699): "Thus, as the deposit was security that the bidder would execute the contract, it was contemplated that there would be a legal obligation to execute a contract consequent upon bid and acceptance. The deposit was to be forfeited as liquidated damages for neglect or refusal to fulfill such obligation. But if the court decides that there should be rescission, then there is no legal obligation upon the plaintiff to contract, and it would seem inequitable that the defendant should have liquidated damages for breach of an extinct obligation. Even though the contract as awarded entailed a greater expense upon the city than if the city could have held the plaintiff to a contract upon its mistaken bid, it must be established first that in the eye of the law the defendant was entitled to such contract from the plaintiff" *(see also, City of Syracuse v Sarkisian Bros.,* 87 AD2d 984, *affd* 57 NY2d 618; *Balaban-Gordon Co. v Brighton Sewer Dist. No. 2,* 41 AD2d 246; *Kemper Constr. Co. v City of Los Angeles,* 37 Cal 2d 696, 235 P2d 7).

We would further note that just as the trial court determined that enforcement of the bid would be unconscionable inasmuch as it would have resulted in a loss of $1,000,000 to the plaintiff, so too would have been forfeiture of the bond herein as liquidated damages since it had the potential of being even more financially deleterious, involving an amount

of $1,738,500 *(see, Truck Rent-A-Center v Puritan Farms 2d,* 41 NY2d 420, 424; *Balaban-Gordon Co. v Brighton Sewer Dist. No. 2, supra).*

Finally, the cross appeal which challenges the trial court's denial of reformation of the bid is dismissed since the plaintiff was granted the requested alternative relief of rescission of the bid and is thus not aggrieved *(see,* CPLR 5511; *Peoples Natl. Bank v Weiner,* 100 AD2d 841). Bracken, J. P., Brown, Niehoff and Kooper, JJ., concur.