■ JAMES A. RYAN, Respondent, v GERALD L. BOUCHER et al., Appellants.—Harvey, J. Appeal from a judgment of the Supreme Court (Fromer, J.), entered November 16, 1987 in Columbia County, upon a decision of the court, without a jury, in favor of plaintiff.

In February 1986, defendants entered into a contract to sell to plaintiff certain real property located in the Town of Kinderhook, Columbia County. The agreement was drawn on a realtor's standard form contract. The form contained various blanks, including one for the property description. In this blank, defendants' realtor inserted the following description of the property: "[O]n the west by lands of Vissher, on the south by tree line base of hill, east by dead tree on Novak rd, north by road". There was no indication of the number of acres involved in the transaction.

After the contract was signed, defendants had a survey done of the property. Plaintiff received a copy of the survey and, after reviewing it, believed that the southern boundary shown on the survey was not in compliance with the description in the contract. The amount of acreage to be sold as reflected in the survey was approximately 16½. However, the amount of acreage involved using the tree line which plaintiff contends the contract provided as forming the southern boundary is approximately 23½. Plaintiff commenced an action for specific performance requesting that the conveyance be in compliance with the contract. In response, defendants sought rescission of the contract based upon a purported mutual mistake of fact.

A nonjury trial followed. After considering the testimony and exhibits, Supreme Court concluded that there had not been a mutual mistake of fact and that the tree line as purported by plaintiff constituted the parcel's southern bound-

ary. Plaintiff was thus awarded specific performance. Defendants appeal.

Defendants contend that Supreme Court erred in not finding a mutual mistake of fact. A contract entered into under a mutual mistake of fact is voidable under the equitable remedy of rescission *(Coffin v City of Brooklyn,* 116 NY 159; *Schmidt v Magnetic Head Corp.,* 97 AD2d 151, 159). The mutual mistake must exist at the time the contract is entered into *(Raphael v Booth Mem. Hosp.,* 67 AD2d 702, 703), and it must be substantial *(Brauer v Central Trust Co.,* 77 AD2d 239, 243, *lv denied* 52 NY2d 703). An objective test is used to determine whether there has been a mutual mistake *(First Regional Sec. v Villella,* 84 Misc 2d 790, 791, *affd* 88 Misc 2d 81).

Here, defendants contend that the mutual mistake occurred with respect to what the parties intended as "the line of trees" which the contract provided as forming the southern boundary of the property. A discernible line of trees may be used to describe a boundary line *(see,* 1 Warren's Weed, New York Real Property, Boundaries, § 1.03 [4th ed]). The photographs in evidence depict only one tree line. This is a group of mature cherry trees in a clear line running along the remnants of a stone wall fence. The growth which defendants assert they understood as the tree line appears to be little more than a patch of brush and clearly does not form a distinct growth area which could reasonably be construed as a tree line. There was testimony that the particular amount of acreage involved was not significant to the parties and that the rough estimates which were made with respect to acreage had no bearing on the agreement. The parties viewed the property before signing the contract and there was testimony that the tree line in dispute was pointed to as the boundary. While some conflicting evidence was introduced, we are convinced that Supreme Court correctly concluded that there was not a mutual mistake and that the preponderance of the evidence established that the tree line, as asserted by plaintiff, was intended by the parties as the southern boundary of the property.

Defendants' remaining contentions have been considered and found either unpreserved for review or unpersuasive.

Judgment affirmed, with costs. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.