■ BUFFALO MUNICIPAL HOUSING AUTHORITY, Respondent, v GROSS PLUMBING & HEATING CO., INC., Appellant.—Order and judgment unanimously reversed on the law without costs, motion denied and cross motion granted. Memorandum: Supreme Court erred by granting plaintiff's motion for summary judgment, awarding plaintiff a judgment against defendant in the amount of the bid bond plus interest, costs and disbursements, and denying defendant's cross motion for summary judgment rescinding the bid and cancelling the bid bond *(see, City of Syracuse v Sarkisian Bros.,* 87 AD2d 984, *affd* 57 NY2d 618; *Balaban-Gordon Co. v Brighton Sewer Dist. No. 2,* 41 AD2d 246). When defendant computed the total amount of its bid, it failed to include a single sheet of data pertaining to carpentry work that totalled an additional sum of $88,900. Defendant's bid was thus understated by that amount. The record establishes that the clerical or mathematical mistake made by defendant in its bid for certain plumbing rehabilitation at plaintiff's A.D. Price Courts and Extension project was excusable and material and of such an amount as to make enforcement of the contract unconscionable. The computational error was subject to objective determination by a comparison of the work sheets and the bid proposal. Defendant discovered the error and notified plaintiff's representative approximately four hours after the opening of bids. Therefore, plaintiff had full opportunity to correct the condition or to reject the bid and award the contract to another bidder. Under the circumstances of this case, plaintiff "should not be allowed to enforce the bargain" *(Balaban-Gordon Co. v Brighton Sewer Dist. No. 2, supra,* at 251). "Even though the mistake is the product of negligence on the part of the bidder", relief should not be withheld *(Balaban-Gordon Co. v Brighton Sewer Dist. No. 2, supra,* at 251). The provisions of plaintiff's instructions to bidders preventing withdrawal of bids on the ground of negligence do not, in these circumstances, preclude granting rescission because the mistake was clerical and not judgmental in nature *(see, Jobco, Inc. v County of Nassau,* 129 AD2d 614, 615). Accordingly, the bid is rescinded and the bid bond cancelled *(see, City of Syracuse v*

*Sarkisian Bros., supra; Derouin's Plumbing & Heating v City of Watertown,* 71 AD2d 822; *Balaban-Gordon Co. v Brighton Sewer Dist. No. 2, supra).* (Appeal from Order and Judgment of Supreme Court, Erie County, Joslin, J.—Partial Summary Judgment.) Present—Doerr, J. P., Boomer, Balio, Lawton and Davis, JJ.