[597 NYS2d 958]

Sally Desiderato, Appellant, v N & A Taxi, Inc., et al., Defendants, and Nationwide Mutual Insurance Company, Respondent.

First Department, May 18, 1993

**APPEARANCES OF COUNSEL**

*John Evans Bos* of counsel, New York City *(Salzman, Ingber & Winer,* attorneys), for appellant.

*John F. Spencer,* Bronxville, for respondent.

**OPINION OF THE COURT**

SULLIVAN, J. P.

Plaintiff alleges that she sustained injuries on August 21, 1985, when, while operating her husband's automobile, she was involved in a collision with a taxicab owned by N & A Taxi, Inc., and operated by Jose Peralta, whose interests were insured by American Transit Insurance Company. According to the police accident report, plaintiff was making a left-hand turn when she struck the taxicab, which had been proceeding in the same direction.

On January 27, 1986, after commencing an action against both N & A Taxi and Peralta, and having failed to receive an answer, plaintiff's counsel forwarded a copy of the summons

and complaint to American Transit with the request that it appear and defend the insureds. When a response was not forthcoming, plaintiff, through counsel, on April 9, 1986, filed a complaint against American Transit with the New York State Insurance Department, which acknowledged receipt of the complaint and promised to investigate. The record is silent as to the history of that complaint.

In any event, plaintiff thereafter, on or about May 14, 1986, served a demand for arbitration on Nationwide Insurance Company under the uninsured motorist endorsement of her husband's automobile policy. Nationwide did not seek a stay and the matter proceeded to arbitration, leading to an award on September 30, 1986 of $8,500, which Nationwide paid in exchange for a release and trust agreement executed, on December 10, 1986, by plaintiff in Nationwide's favor.

American Transit thereafter contacted plaintiff's attorneys and offered, on behalf of its insureds, N & A Taxi and Peralta, $3,000 in settlement of the claim. This offer was accepted and plaintiff, thereafter, on January 6, 1987, executed a general release in favor of N & A Taxi and Peralta, which, as is conceded, impaired Nationwide's subrogation rights. Nationwide learned of the $3,000 settlement and demanded the return of its $8,500. When the parties could not reach agreement, plaintiff, joining Nationwide, American Transit and N & A Taxi and Peralta as defendants, commenced this action to rescind the general release she executed in favor of N & A Taxi and Peralta. American Transit never appeared in the action. Nationwide answered and interposed a counterclaim, alleging breach of the trust agreement and seeking $8,500 in damages.

Nationwide thereafter moved for summary judgment dismissing the complaint and awarding it the relief sought on its counterclaim, namely, the return of the $8,500 it paid plaintiff. Plaintiff cross-moved for summary judgment rescinding the general release executed in favor of N & A Taxi and Peralta, arguing that rescission would restore Nationwide's subrogation rights and thereby restore the parties to the status quo. The court, *sua sponte,* vacated the arbitration award on the ground that it was based on a mutual mistake of fact as to the status of the "offending vehicle", since, as subsequent developments showed, N & A Taxi and Peralta were, in fact, insured by American Transit as to their ownership and operation of the vehicle with respect to the August 21, 1985 accident. The court directed plaintiff to repay Nation-

wide the $8,500 with interest from the date of the latter's payment to her. A judgment to that effect was thereafter entered. This appeal followed.

■ ■ There is no showing, or, for that matter, even an allegation, that any of the statutory grounds for the vacatur of the arbitration award *(see,* CPLR 7511 [b] [1]),\* which are exclusive *(see, Sweeney v Herman Mgt.,* 85 AD2d 34, 38), exist in this case. Given the absence of such a showing and the well-settled rule that newly discovered evidence, which is what is at issue here, is not a ground for vacatur *(Matter of Central Gen. Hosp. v Hanover Ins. Co.,* 49 NY2d 950), all of us, both in the majority and in dissent, agree that the IAS Court erred in declaring said award void and directing the repayment of the amount thereof, $8,500, to Nationwide. Unlike the dissent, however, we see no basis, as a matter of law, for the assertion of a claim of unilateral mistake and would therefore grant summary judgment to Nationwide dismissing the complaint which seeks a rescission, based on unilateral mistake, of the general release executed by plaintiff in favor of the taxicab defendants.

■ As part of her burden in seeking rescission, plaintiff must show, *inter alia,* that despite the exercise of ordinary care she had no knowledge of the mistake. *(See, Balaban-Gordon Co. v Brighton Sewer Dist. No. 2,* 41 AD2d 246, 247; *see also, First Regional Sec. v Villella,* 84 Misc 2d 790, 791, *affd* 88 Misc 2d 81.) Plaintiff cannot make such a showing. On this issue, she argues, as if that excuses her actions, that she did exercise ordinary care and, in accepting the $3,000 and executing a general release, merely followed the advice of counsel. This argument, facile and simplistic, is unavailing since counsel's knowledge of the effect of her actions is im-

---

\* Insofar as is relevant CPLR 7511 (b) (1) provides that an arbitration award

"shall be vacated on the application of a party who either participated in the arbitration or was served with a notice of intention to arbitrate if the court finds that the rights of that party were prejudiced by:

"(i) corruption, fraud or misconduct in procuring the award; or

"(ii) partiality of an arbitrator appointed as a neutral; except where the award was by confession; or

"(iii) an arbitrator, or agency or person making the award exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made; or

"(iv) failure to follow the procedure of this article, unless the party applying to vacate the award continued with the arbitration with notice of the defect and without objection."

puted to her. *(See, Matter of Department of Envtl. Protection v Department of Envtl. Conservation,* 70 NY2d 233, 242.) It is precisely because she is a layperson, unaware of the nuances of negligence law and uninsured motorist coverage, that plaintiff engaged counsel. What they knew or are charged with knowing in that regard is imputed to her. And, on this subject, her conduct, through counsel, in accepting an $8,500 uninsured motorist award and thereafter accepting the tortfeasors' $3,000 offer, should be recognized for what it is, an improper "double-dip." The conclusory claim of "law office" failure advanced by her attorneys is irrelevant in the context of this motion.

While the arbitration award should not have been vacated, there was a basis for granting Nationwide, at least partially, on the issue of liability, the summary judgment it sought with respect to the $8,500 face amount of the award. As noted, Nationwide, claiming damage in the sum of $8,500, has asserted a counterclaim for a breach of condition 8 of the New York Automobile Accident Indemnification Endorsement, entitled "Trust Agreement". Specifically, Nationwide claims that by settling her claim against American Transit and releasing the latter's insureds, plaintiff foreclosed the subrogation rights it acquired against the tortfeasors by virtue of plaintiff's execution of a release and trust agreement in Nationwide's favor. In accordance with the trust agreement contained in the uninsured motorist endorsement, plaintiff was required to "hold in trust for the benefit of [Nationwide] all rights of recovery which [s]he shall have against" any other person or organization legally responsible for the bodily injury for which she received payment from Nationwide. Clearly, plaintiff breached that covenant and Nationwide should be awarded partial summary judgment on liability on its counterclaim and plaintiff directed to pay Nationwide the $3,000 received by her from American Transit.

The counterclaim should be severed and the matter remanded for a hearing on Nationwide's damages. Such hearing would, of course, encompass the issue of the taxicab defendants' liability to plaintiff had a general release not been executed by plaintiff in favor of those parties. Any award of damages should be reduced by the $3,000 payment to Nationwide by plaintiff.

Accordingly, the judgment of the Supreme Court, Bronx County (Alan J. Saks, J.), entered December 24, 1991, award-

ing judgment to Nationwide in the sum of $12,657.92, should be reversed, on the law, without costs and disbursements, the complaint dismissed, plaintiff directed to pay Nationwide the $3,000 she received from American Transit, partial summary judgment on liability granted to Nationwide on its counterclaim, the counterclaim severed and the matter remanded for a hearing on Nationwide's damages.

ASCH, J. (dissenting). Plaintiff sustained injuries in a collision with an automobile owned by defendant N & A Taxi, Inc. (Taxi) and operated by defendant Peralta. Taxi was insured by American Transit Insurance Company (American) and plaintiff was insured by Nationwide Mutual Insurance Company (Nationwide) on the date of the accident. Commencing an action against defendants Taxi and Peralta, plaintiff received no response from them nor from American which had been forwarded a copy of the summons and complaint. Interpreting American's lack of response to be a denial of coverage, plaintiff demanded arbitration against Nationwide under the uninsured motorist endorsement of her policy. She was awarded $8,500 on September 30, 1986, and upon payment of the award by Nationwide, plaintiff executed a release and trust agreement on behalf of Nationwide on December 10, 1986.

Thereafter, American contacted plaintiff's counsel and offered $3,000 in settlement. On advice of counsel, plaintiff executed a general release in favor of Taxi and Peralta on January 6, 1987, in return for the $3,000 consideration. After Nationwide demanded return of its $8,500 payment, because of the loss of its subrogation rights, plaintiff commenced this action to rescind the release given to American's insureds.

The Supreme Court granted Nationwide's motion for summary judgment on its counterclaim for the $8,500. It held that the uninsured motorist provision was never applicable since the vehicle was insured, that uninsured coverage may not be made applicable by waiver and that the arbitration was based on a mutual mistake of fact as to the status of the offending vehicle.

The sole grounds for vacating an arbitration award where the objecting party participated in the arbitration are set forth in CPLR 7511 (b) (1) as follows:

"1. The award shall be vacated on the application of a party who either participated in the arbitration or was served with a notice of intention to arbitrate if the court finds that the rights of that party were prejudiced by:

"(i) corruption, fraud or misconduct in procuring the award; or

"(ii) partiality of an arbitrator appointed as a neutral, except where the award was by confession; or

"(iii) an arbitrator, or agency or person making the award exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made; or

"(iv) failure to follow the procedure of this article, unless the party applying to vacate the award continued with the arbitration with notice of the defect and without objection."

While the IAS Court found that the arbitration award was based upon a mutual mistake of fact as to the insurance status of the offending vehicle, "[t]he exclusive grounds for vacating such an award are set forth in CPLR 7511, and do not include newly discovered evidence as a basis for such relief." (Levine v Klein, 70 AD2d 532, 533.) Additionally, contrary to the conclusion reached by the IAS Court, uninsured motorist coverage *may* become applicable by the waiver of the insurer.

However, while the arbitration award has not been rendered void, Nationwide still retains a valid counterclaim for damages suffered by reason of plaintiff's breach of her obligations under the trust agreement, in releasing the defendants Taxi and Peralta, American's insureds. Further, while the plaintiff asserts that the general release given to defendants may be rescinded on grounds of a unilateral mistake of fact, equitable relief by way of rescission will be granted in the case of unilateral mistake only when the following conditions are met: enforcement of the contract would be unconscionable; the mistake is material; the mistake occurred despite the exercise of ordinary care by the party in error and it is possible to place the parties in status quo (13 Williston, Contracts § 1573, at 489 [3d ed]).

The issue of whether the plaintiff made a unilateral mistake of fact despite the exercise of ordinary care, remains a factual issue at this stage of the proceeding, and accordingly, the Supreme Court should have denied both defendant Nationwide's motion and plaintiff's cross motion for summary judgment.

WALLACH and KASSAL, JJ., concur with SULLIVAN, J. P.; ROSENBERGER and ASCH, JJ., dissent in a separate opinion by ASCH, J.

Judgment, Supreme Court, Bronx County, entered December 24, 1991, which awarded judgment to defendant-respondent in the sum of $12,657.92, reversed, on the law, without costs and disbursements, the complaint dismissed, plaintiff directed to pay Nationwide the $3,000 she received from American Transit, partial summary judgment on liability granted to Nationwide on its counterclaim, the counterclaim severed and the matter remanded for a hearing on Nationwide's damages.