■ RYE CITY SCHOOL DISTRICT, Appellant-Respondent, v XAVIER CONTRACTING, LLC, et al., Respondents-Appellants. [864 NYS2d 125]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Lippman, J.), dated April 4, 2007, as granted the defendants' motion for summary judgment dismissing the complaint to the extent of limiting its recovery, if any, to the sum of $176,400 and denied its cross motion for summary judgment on the issue of liability against the defendant Xavier Contracting, LLC, and for summary judgment dismissing the defendants' affirmative defenses, and the defendants cross-appeal from so much of the same order as granted their motion for summary judgment dismissing the complaint only to the extent of limiting the plaintiff's recovery, if any, to the sum of $176,400 and denied their separate motion for leave to amend their answers to add an affirmative defense based on the alleged illegality of a certain contract.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

On May 12, 2005 the defendant Xavier Contracting, LLC (hereinafter Xavier), submitted a bid in the amount of $3,528,000 on the "general trades" portion of a construction project involving a particular school within the plaintiff Rye City School District (hereinafter the School District). Xavier also provided a bid bond issued by the defendant Fidelity and Deposit Company of Maryland (hereinafter Fidelity) for five percent of that amount, i.e., for $176,400.

On June 21, 2005 the School District informed Xavier that its bid was accepted. However, two weeks later, Xavier notified the School District that it intended to withdraw its bid due to a "major clerical error" resulting in its estimate being substantially lower than it should have been.

After a rebid, the School District awarded the general trades

portion of the construction project to Melwood Contracting, Inc. (hereinafter Melwood), which submitted a rebid that was $465,000 higher than Xavier's bid of $3,528,000. The School District then commenced the instant action, inter alia, to recover damages for breach of contract against Xavier and Fidelity.

On their motion for summary judgment dismissing the complaint, Xavier and Fidelity established that certain contract documents limited the School District's recovery, if any, to the amount of the bid bond. In opposition, the School District failed to raise a triable issue of fact as to whether its potential recovery was so limited. Accordingly, the Supreme Court properly granted the motion of Xavier and Fidelity to the extent of limiting the School District's recovery, if any, to the sum of $176,400.

The Supreme Court also properly denied the School District's cross motion, inter alia, for summary judgment on the issue of liability against Xavier. In response to the School District's prima facie showing of its entitlement to judgment as a matter of law on its breach of contract claims, Xavier and Fidelity raised a triable issue of fact with respect to the affirmative defense of mistake (cf. Balaban-Gordon Co. v Brighton Sewer Dist. No. 2, 41 AD2d 246, 247-251 [1973]).

The parties' remaining contentions are without merit. Mastro, J.P., Skelos, Covello and Leventhal, JJ., concur.