■ In the Matter of GREENS AT HALF HOLLOW, LLC, Appellant, v SUFFOLK COUNTY DEPARTMENT OF PUBLIC WORKS et al., Respondents. [47 NYS3d 712]—In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the respondent/defendant Suffolk County Department of Public Works dated October 12, 2012, and action, among other things, for a judgment declaring that a certain agreement is void as a matter of law, the petitioner/plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Pines, J.), dated November 8, 2013, as denied that branch of its cross motion which was for leave to enter a default judgment against the respondents/defendants and the defendants, and granted that branch of its cross motion which was, in the alternative, for leave to join any necessary parties pursuant to CPLR 1001.

Ordered that the appeal from so much of the order as granted that branch of the petitioner/plaintiff's cross motion which was to join any necessary parties pursuant to CPLR 1001 is dismissed, as the petitioner/plaintiff is not aggrieved thereby (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144 [2010]); and it is further,

Ordered that the appeal from so much of the order as denied that branch of the petitioner/plaintiff's cross motion which was for leave to enter a default judgment against the respondents/defendants on the 1st through 5th causes of action is dismissed,

as no appeal lies as of right from an intermediate order entered in a proceeding pursuant to CPLR article 78 (*see* CPLR 5701 [b] [1]), and we decline to grant leave to appeal; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents/defendants and the defendants, appearing separately and filing separate briefs.

The petitioner/plaintiff is not aggrieved by the portion of the order which granted that branch of its cross motion which was for leave to join necessary parties pursuant to CPLR 1001, which branch was made in response to those branches of the motions of the respondents/defendants and the defendants which were to dismiss the petition/complaint insofar as asserted against each of them for the failure to join necessary parties (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144 [2010]; *Jobco, Inc. v County of Nassau*, 129 AD2d 614, 616 [1987]). Moreover, the appeal from so much of the order as denied that branch of the petitioner/plaintiff's cross motion which was for leave to enter a default judgment on the 1st through 5th causes of action, which were asserted pursuant to CPLR article 78, must be dismissed since no appeal lies as of right from an intermediate order entered in a proceeding pursuant to CPLR article 78 (*see* CPLR 5701 [b] [1]), and we decline to grant leave to appeal.

The Supreme Court properly denied that branch of the petitioner/plaintiff's cross motion which was for leave to enter a default judgment against the respondents/defendants and the defendants on the 6th through 13th causes of action, which sought, inter alia, declaratory relief (*see Matter of Powers v De Groodt*, 43 AD3d 509, 511-512 [2007]). Rivera, J.P., Austin, Cohen and Brathwaite Nelson, JJ., concur.